**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RICKY DARNELL**, | |
| 895 Jonestown Mount Liberty Road<br>Philippi, WV 26416 | |
| **PLAINTIFF**, | CASE NO. 2:24-cv-04020 |
| v. | |
| **SOUTH-WESTERN CITY SCHOOL<br>DISTRICT BOARD OF EDUCATION**, | |
| C/O Chris Boso<br>President, Board of Education<br>3805 Marlane Drive<br>Grove City, OH 43123 | **COMPLAINT WITH JURY DEMAND** |
| and, | |
| **KEVIN MULVANEY**, *in both his official<br>and individual capacities*, | |
| 2442 Birch Bark Trail<br>Grove City, OH 43123 | |
| **DEFENDANTS**. | |

## I.  NATURE OF THE CLAIMS

1.    This is a civil action by Ricky Darnell against his former employer, South-Western City School District Board of Education, and his former supervisor.  Defendants unlawfully terminated Mr. Darnell's employment due to (a) his age and/or (b) his disabilities.

2.    Accordingly, Mr. Darnell now files this civil action.  He seeks to recover for the harm he has suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating their conduct against any other person.

## II.     JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

4.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims made under state law because those claims are so related to federal law claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over all defendants because they are residents of, and have continuous and systematic contacts with, the State of Ohio.

6.      Pursuant to 28 U.S.C. § 1391, this Court is the appropriate venue because the Southern District of Ohio is the judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

7.      Pursuant to Rule 82.1 of the Local Civil Rules of the United States District Court for the Southern District of Ohio, the Eastern Division at Columbus is the appropriate division because it serves the county in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

## III.     PARTIES

8.      Plaintiff Ricky Darnell ("Plaintiff" or "Mr. Darnell") is a natural person who is a resident of Barbour County, West Virginia.   Defendant South-Western City School District

2

Board of Education employed Mr. Darnell from January of 2017 up until he was fired on November 25, 2022.

9.     Defendant South-Western City School District Board of Education ("Defendant South-Western") is a political subdivision of the State of Ohio and is the board of education for a public school district located principally in Franklin County, Ohio.  Under Ohio Revised Code Section 3313.17, it constitutes a body politic and corporate that is capable of suing and being sued.

10.     Defendant Kevin Mulvaney ("Defendant Mulvaney") is a natural person who is a resident of Franklin County, Ohio.  At all relevant times, Defendant Mulvaney was Mr. Darnell's direct supervisor and had therefore supervisory authority over him.  Defendant Mulvaney was an individual responsible for, and/or who participated in, the adverse employment action(s) against Mr. Darnell.

## IV.     FACTS

11.     In January of 2017, Defendant South-Western hired Mr. Darnell as an assistant football coach.

12.     During Mr. Darnell's employment with Defendant South-Western, his job performance always met or exceeded expectations.

13.     During Mr. Darnell's employment with Defendant South-Western, he suffered from severe chronic back pain.  This chronic back pain substantially limited Mr. Darnell's ability to bend, lift, carry, stand, walk, and run.

14.     In July of 2020, Mr. Darnell underwent surgery for chronic back pain.  He took a temporary leave of absence from work as a reasonable accommodation.

3

15.     After Mr. Darnell returned to work following his surgery, he had to use crutches and other assistance for his disabilities. Despite Mr. Darnell's physical limitations due to his disabilities, he was able to perform his job duties using his twenty years of coaching experience.

16.     In November of 2022, Defendant Mulvaney terminated Mr. Darnell during his annual review. Defendant Mulvaney informed Mr. Darnell that he wanted to hire a younger assistant coach to replace him. Mr. Darnell, at the time, was fifty years old. Defendant Mulvaney also informed Mr. Darnell that he believed that he could not physically do his job because of his disabilities. Specifically, Defendant Mulvaney informed Mr. Darnell that he wanted a coach that could physically show the kids how to block the other players, which he said Mr. Darnell could not do because of his physical limitations caused by his disabilities.

17.     Defendant Mulvaney then completed an "Exit Interview" paper. A true and accurate copy of this Exit Interview paper is attached as Exhibit 1 to this Complaint. In the Exit Interview paper, Defendant Mulvaney wrote that Mr. Darnell was an excellent coach but his "inability to model what he coaches hurt him" because he was not "mobile." Defendant Mulvaney then stated he was "going to go in a different direction" because of Mr. Darnell's physical limitations.

18.     Defendants replaced Mr. Darnell with someone substantially younger than he is and that has no known disabilities.

19.     On April 11, 2023, Mr. Darnell timely filed a charge of discrimination with the Ohio Civil Rights Commission (OCRC) and Equal Employment Opportunity Commission (EEOC) alleging the facts and claims contained in this Complaint.

20.     On April 11, 2023, the OCRC issued Mr. Darnell a right-to-sue letter.

21.     On July 9, 2024, the EEOC issued Mr. Darnell a right-to-sue letter.

## V. CLAIMS FOR RELIEF

### COUNT I

**Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.**
**(Disability Discrimination – Termination of Employment)**

**Against Defendant South-Western**

22.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

23.     Plaintiff was at all relevant times an "employee" within the meaning of 42 U.S.C. § 12111(4).

24.     Plaintiff at all relevant times had a "disability" within the meaning of 42 U.S.C. § 12102(1)(A).

25.     Defendant South-Western was at all relevant times an "employer" within the meaning of 42 U.S.C. § 12111(5).

26.     Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff exhausted his administrative remedies.

27.     Defendant South-Western violated 42 U.S.C. § 12112(a) when it terminated Plaintiff's employment because of his disabilities.

28.     As a proximate result of Defendant South-Western's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

29.     Consistent with 42 U.S.C. § 12117 and 42 U.S.C. § 2005e-5, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count I.

## COUNT II

**Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983**
**Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**
**(Disability Discrimination – Termination of Employment)**

**Against Defendant Mulvaney**

30.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

31.     Plaintiff was at all relevant times a "citizen of the United States or other person within the jurisdiction thereof" within the meaning of 42 U.S.C. § 1983.

32.     Defendant Mulvaney was, at all relevant times, a "person" within the meaning of 42 U.S.C. § 1983 because he is sued for prospective injunctive relief in his official capacity and for money damages in his individual capacity.

33.     Defendant Mulvaney acted under color of a statute, ordinance, regulation, custom, or usage of the State of Ohio and deprived Plaintiff of his rights, privileges, or immunities secured by the federal Constitution or federal law when he terminated Plaintiff's employment because of his disabilities.  Alternatively, Plaintiff's disabilities were a motivating factor in Defendant Mulvaney's decision to terminate Plaintiff's employment.

34.     As a proximate result of Defendant Mulvaney's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

35.     Plaintiff is entitled to punitive damages because Defendant Mulvaney was motivated by evil motive or intent or acted with reckless or callous indifference to Plaintiff's federally protected rights.

36.     Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count II.

6

**COUNT III**

**Violation of Ohio Revised Code Chapter 4112**
**(Disability Discrimination – Termination of Employment)**

**Against Defendant South-Western**

37.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

38.     Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

39.     Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

40.     Defendant South-Western was at all relevant times an "employer" within the meaning of R.C. 4112.01(A)(2).

41.     Defendant South-Western violated Ohio Revised Code Chapter 4112 when it terminated Plaintiff's employment because of his disability or disabilities.  Alternatively, Plaintiff's disability or disabilities was a motivating factor in the decision by Defendant South-Western to terminate Plaintiff's employment.

42.     As a proximate result of Defendant South-Western's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

**COUNT IV**

**Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.**
**(Regarded-As Disability Discrimination – Termination of Employment)**

**Against Defendant South-Western**

43.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

44.     Plaintiff was at all relevant times an "employee" within the meaning of 42 U.S.C. § 12111(4).

45.     Plaintiff at all relevant times had a "disability" within the meaning of 42 U.S.C. § 12102(1)(C).

46.     Defendant South-Western was at all relevant times an "employer" within the meaning of 42 U.S.C. § 12111(5).

47.     Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff exhausted his administrative remedies.

48.     Defendant South-Western violated 42 U.S.C. § 12112(a) when it terminated Plaintiff's employment because of his physical and/or mental impairment(s).

49.     As a proximate result of Defendant South-Western's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

50.     Consistent with 42 U.S.C. § 12117 and 42 U.S.C. § 2005e-5, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count IV.

### COUNT V

**Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983**
**Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**
**(Regarded-As Disability Discrimination – Termination of Employment)**

**Against Defendant Mulvaney**

51.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

52.     Plaintiff was at all relevant times a "citizen of the United States or other person within the jurisdiction thereof" within the meaning of 42 U.S.C. § 1983.

53.     Defendant Mulvaney was, at all relevant times, a "person" within the meaning of 42 U.S.C. § 1983 because he is sued for prospective injunctive relief in his official capacity and for money damages in his individual capacity.

54.     Defendant Mulvaney acted under color of a statute, ordinance, regulation, custom, or usage of the State of Ohio and deprived Plaintiff of his rights, privileges, or immunities secured by the federal Constitution or federal law when he terminated Plaintiff's employment because of his physical and/or mental impairment(s).  Alternatively, Plaintiff's physical and/or mental impairment(s) were a motivating factor in Defendant Mulvaney's decision to terminate Plaintiff's employment.

55.     As a proximate result of Defendant Mulvaney's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

56.     Plaintiff is entitled to punitive damages because Defendant Mulvaney was motivated by evil motive or intent or acted with reckless or callous indifference to Plaintiff's federally protected rights.

57.     Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count V.

### COUNT VI

**Violation of Ohio Revised Code Chapter 4112**
**(Regarded-As Disability Discrimination – Termination of Employment)**

**Against Defendant South-Western**

58.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

59.     Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

9

60. Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

61. Defendant South-Western was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

62. Defendant South-Western violated Ohio Revised Code Chapter 4112 when it terminated Plaintiff's employment because of his physical and/or mental impairment(s). Alternatively, Plaintiff's physical and/or mental impairment(s) was a motivating factor in Defendant South-Western's decision to terminate Plaintiff's employment.

63. As a proximate result of Defendant's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

## COUNT VII

**Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.
(Disability Discrimination – Failure to Accommodate)**

**Against Defendant South-Western**

64. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

65. Plaintiff was at all relevant times an "employee" within the meaning of 42 U.S.C. § 12111(4).

66. Plaintiff at all relevant times had a "disability" within the meaning of 42 U.S.C. § 12102(1)(A).

67. Defendant South-Western was at all relevant times an "employer" within the meaning of 42 U.S.C. § 12111(5).

68. Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff exhausted his administrative remedies.

69.     Defendant South-Western violated 42 U.S.C. § 12112(a) when it failed to provide a reasonable accommodation for Plaintiff's disability.

70.     As a proximate result of Defendant South-Western's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

71.     Consistent with 42 U.S.C. § 12117 and 42 U.S.C. § 2005e-5, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count VII.

<h3 style="text-align:center">COUNT VIII</h3>

**Violation of Ohio Revised Code Chapter 4112
(Disability Discrimination – Failure to Accommodate)**

**Against Defendant South-Western**

72.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

73.     Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

74.     Plaintiff at all relevant times had a "disability" within the meaning of Ohio Revised Code Section 4112.01(A)(13).

75.     Defendant South-Western was at all relevant times an "employer" within the meaning of R.C. 4112.01(A)(2).

76.     Defendant South-Western violated Ohio Revised Code Chapter 4112 when it failed to provide a reasonable accommodation for Plaintiff's disability.

77.     As a proximate result of Defendant South-Western's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

**COUNT IX**

**Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.
(Retaliation – Termination of Employment)**

**Against Defendant South-Western**

78.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

79.     Plaintiff was at all relevant times an "employee" within the meaning of 42 U.S.C. § 12111(4).

80.     Plaintiff at all relevant times had a "disability" within the meaning of 42 U.S.C. § 12102(1)(A).

81.     Defendant South-Western was at all relevant times an "employer" within the meaning of 42 U.S.C. § 12111(5).

82.     Pursuant to 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5, Plaintiff exhausted his administrative remedies.

83.     Defendant South-Western violated 42 U.S.C. § 12203 when it terminated Plaintiff's employment because he engaged in the protected activity set forth in the statute.

84.     As a proximate result of Defendant South-Western's actions, Plaintiff has been and continues to be damaged in amount to be determined at trial.

85.     Consistent with 42 U.S.C. § 12117 and 42 U.S.C. § 2005e-5, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count IX.

## COUNT X

**Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983**
**First and Fourteenth Amendments to the United States Constitution**
**(Retaliation – Termination of Employment)**

**Against Defendant Mulvaney**

86.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

87.     Plaintiff was at all relevant times a "citizen of the United States or other person within the jurisdiction thereof" within the meaning of 42 U.S.C. § 1983.

88.     Defendant Mulvaney was, at all relevant times, a "person" within the meaning of 42 U.S.C. § 1983 because he is sued for prospective injunctive relief in his official capacity and for money damages in his individual capacity.

89.     Defendant Mulvaney acted under color of a statute, ordinance, regulation, custom, or usage of the State of Ohio and deprived Plaintiff of his rights, privileges, or immunities secured by the federal Constitution or federal law when he terminated Plaintiff's employment in retaliation for his speech protected by the First Amendment to the United States Constitution, made applicable to state actors through the Fourteenth Amendment to the United States Constitution.  Alternatively, Plaintiff's protected speech was a motivating factor in Defendant Mulvaney's decision to terminate Plaintiff's employment.

90.     As a proximate result of Defendant Mulvaney's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

91.     Plaintiff is entitled to punitive damages because Defendant Mulvaney was motivated by evil motive or intent or acted with reckless or callous indifference to Plaintiff's federally protected rights.

13

92.     Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count X.

## COUNT XI

### Violation of Ohio Revised Code Chapter 4112
### (Retaliation – Termination of Employment)

### Against All Defendants

93.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

94.     Plaintiff was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

95.     Defendants were at all relevant times "person(s)" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

96.     Plaintiff engaged in the activity protected by Ohio Revised Code Section 4112.02(I).

97.     Defendants violated Ohio Revised Code Section 4112.02(I) when they terminated Plaintiff's employment because Plaintiff engaged in the protected activity set forth in the statute. Alternatively, Plaintiff's protected activity was a motivating factor in the decision by Defendants to terminate Plaintiff's employment.

98.     As a proximate result of Defendants' actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

## COUNT XII

**Violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq.
(Age Discrimination – Termination of Employment)**

### Against Defendant South-Western

99.     All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

100.     Plaintiff was at all relevant times an "employee" within the meaning of 29 U.S.C. § 630(f) and, consistent with 29 U.S.C. § 631, Plaintiff was at all relevant times aged 40 years or older.

101.     Defendant South-Western was at all relevant times an "employer" within the meaning of 29 U.S.C. § 630(b).

102.     Defendant South-Western violated 29 U.S.C. § 623(a) when it terminated Plaintiff's employment because of his age.

103.     As a proximate result of Defendant South-Western's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

104.     Pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount to be determined at trial because Defendant South-Western willfully violated 29 U.S.C. § 623(a) when it terminated Plaintiff's employment because of his age.

105.     Pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), Plaintiff is entitled to reasonable attorneys' fees and costs incurred in pursuing Count XII.

106.     Pursuant to 29 U.S.C. § 626(d), Count XII is being filed sixty or more days after Plaintiff has filed a charge alleging unlawful discrimination with the Equal Employment Opportunity Commission.

## COUNT XIII

**Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983**
**Equal Protection Clause of the Fourteenth Amendment to the United States Constitution**
**(Age Discrimination – Termination of Employment)**

**Against Defendant Mulvaney**

107.    All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

108.    Plaintiff was at all relevant times a "citizen of the United States or other person within the jurisdiction thereof" within the meaning of 42 U.S.C. § 1983.

109.    Defendant Mulvaney was, at all relevant times, a "personn" within the meaning of 42 U.S.C. § 1983 because he is sued for prospective injunctive relief in his official capacity and for money damages in his individual capacity.

110.    Defendant Mulvaney acted under color of a statute, ordinance, regulation, custom, or usage of the State of Ohio and deprived Plaintiff of his rights, privileges, or immunities secured by the federal Constitution or federal law when he terminated Plaintiff's employment because of his age.   Alternatively, Plaintiff's age was a motivating factor in Defendant Mulvaney's decision to terminate Plaintiff's employment.

111.    As a proximate result of Defendant Mulvaney's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

112.    Plaintiff is entitled to punitive damages because Defendant Mulvaney was motivated by evil motive or intent or acted with reckless or callous indifference to Plaintiff's federally protected rights.

113.    Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorneys' fees incurred in pursuing Count XIII.

**COUNT XIV**

**Violation of Ohio Revised Code Chapter 4112**
**(Age Discrimination – Termination of Employment)**

**Against Defendant South-Western**

114.    All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

115.    Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

116.    Plaintiff was at all relevant times at least forty years old within the meaning of Ohio Revised Code Section 4112.01(A)(14).

117.    Defendant South-Western was at all relevant times an "employer" within the meaning of Ohio Revised Code Section 4112.01(A)(2).

118.    Defendant South-Western violated Ohio Revised Code Chapter 4112 when it terminated Plaintiff's employment because of his age.   Alternatively, Plaintiff's age was a motivating factor in the decision by Defendant South-Western to terminate Plaintiff's employment.

119.    As a proximate result of Defendant Mulvaney's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

**COUNT XV**

**Violation of Ohio Revised Code Chapter 4112**
**(Aiding and Abetting Unlawful Discrimination and Retaliation)**

**Against Defendant Mulvaney**

120.    All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

17

121. Plaintiff was at all relevant times an "employee" within the meaning of Ohio Revised Code Section 4112.01(A)(3).

122. Defendant Mulvaney was at all relevant times a "person" within the meaning of Ohio Revised Code Section 4112.01(A)(1).

123. Defendant Mulvaney violated Ohio Revised Code Section 4112.02(J) when he aided, abetted, incited, compelled, or coerced the unlawful discrimination and/or retaliation against Plaintiff set forth in this Complaint.

124. As a proximate result of Defendant Mulvaney's actions, Plaintiff has been and continues to be damaged in an amount to be determined at trial.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment in his favor on all claims in this Complaint and requests the following relief:

A.     Economic compensatory damages in an amount to be determined at trial;

B.     Non-economic compensatory damages in an amount to be determined at trial;

C.     Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D.     Reinstatement or, in the alternative, front pay in an amount to be determined;

E.     Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

F.     All costs and expenses incurred in pursuing the claims against Defendants;

G.     Pre- and post-judgment interest; and

H.     All other legal and equitable relief this Court and/or a jury determines is appropriate.

18

## VII.   JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com

*Attorneys for Plaintiff Ricky Darnell*